UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDDIE JOE BUSH, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> STEVEN M. GOFF, ) <br> ) <br> Respondent. ) <br> _____ ) | CASE NO.   C07-5636-JCC-MJB <br><br> REPORT & RECOMMENDATION |

Petitioner has filed a petition for a writ of habeas corpus, challenging convictions that arose in King County and Walla Walla County in Washington state. (Dkt. No. 1). However, the record shows that petitioner was released from the Washington Department of Correction on December 22, 2006 and he is not under supervision by the Department. (Dkt. No. 1, Memorandum, Attachment C). Petitioner currently lives in Louisiana.

A habeas petition may be filed only by a person who is "in custody" at the time of filing. *See* 28 U.S.C. § 2241(c), § 2254(a); *see also Chacon v. Wood*, 36 F.3d 1459, 1462 (9th Cir. 1994). The "in custody" requirement is satisfied if an unincarcerated petitioner is subject to restraints not shared by the public in general. *See Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973). An expired or completely served sentence does not meet the "in custody" requirement, even if that sentence could subsequently be used to enhance a future sentence, unless the petitioner is serving the second of consecutive sentences. *See Garlotte v. Fordice*, 515 U.S. 39, 45-46 (1995); *Maleng v. Cook*, 490 U.S. 488, 491-92 (1989).

REPORT & RECOMMENDATION
PAGE 1

1  Here, the exhibits attached to petitioner's habeas petition show that he has been released
2  from prison and is not subject to any type of supervised release.  Therefore, he does not satisfy
3  the "in custody" requirement for filing a habeas petition in federal court.  Petitioner appears to
4  argue, in a memorandum that he has attached to his petition, that he is still "in custody" because
5  the underlying sentence was invalid and, as a result of his convictions, he has had difficulty
6  obtaining employment and a place to live.  (Dkt. No. 1, Memorandum, Attachment D at 3).
7  While the Court is not unsympathetic to these concerns, they do not satisfy the legal requirement
8  that he be in custody in order for the Court to have jurisdiction to consider his habeas petition.
9  *See* 28 U.S.C. § 2254 (a).

10  For the foregoing reasons, petitioner's petition for a writ of habeas corpus should be
11  dismissed without prejudice.  A proposed Order reflecting this recommendation is attached.
12  DATED this 3rd day of December, 2007.

*[signature]*

MONICA J. BENTON
United States Magistrate Judge

REPORT & RECOMMENDATION
PAGE 2