UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDDIE JOE BUSH,<br><br>            Petitioner,<br><br>   v.<br><br>STEVEN M. GOFF,<br><br>            Respondent. | CASE NO. C07-5636-JCC<br><br>ORDER |

This matter comes before the Court on Eddie Joe Bush's Petition for a Writ of Habeas Corpus (Dkt. No. 1), the Report and Recommendation ("R&R") of United States Magistrate Judge Monica Benton (Dkt. No. 4), and Mr. Bush's Objections thereto (Dkt. No. 5). The Court has considered Petitioner's Objections, and hereby ADOPTS the R&R and DISMISSES the Petition.

**I.    BACKGROUND**

On November 15, 2007, Mr. Bush filed a petition for a writ of habeas corpus, challenging various state convictions. (Dkt. No. 1.) Mr. Bush does not provide a lot of information about these convictions; however, he acknowledges that he was ordered released from custody on December 22, 2006, and currently lives in Louisiana, free from supervision by the Washington Department of Corrections ("DOC"). Mr. Bush was originally scheduled to be released at a later date, but the Department of

ORDER – 1

1  Corrections ("DOC") recalculated his release date while his Personal Restraint Petition ("PRP") was
2  pending before the Washington State Supreme Court. It was as a result of this recalculation that he was
3  ordered released in December 2006. Following that Order, Mr. Bush took the presumably unusual step of
4  filing a motion to enjoin his early release, contending that his release was "erroneously issued" and caused
5  him "unconstitutional harm." (Mem. in Supp. of Habeas Pet. (Dkt. No. 1-2 at 8, 14).) That motion was
6  denied, and on April 3, 2007, in an Order signed by State Supreme Court Commissioner Steven Goff,
7  Mr. Bush's PRP was dismissed. (Dkt. No. 1-2 at 7.) The Order of Dismissal reasoned that, because Mr.
8  Bush was no longer in custody and he failed to argue persuasively that he was subject to continuing
9  "restraint," his PRP was moot. (*Id.*) Mr. Bush filed a motion to modify the Commissioner's ruling,
10 arguing that dismissal of his PRP "deprived [him] of procedural due process."[1] (Habeas Pet. (Dkt. No. 1
11 at 3).) The State Supreme Court denied this motion on June 6, 2007. (Dkt. No. 1-2 at 5.)

12     Judge Benton's R&R recommends dismissing Mr. Bush's habeas petition without prejudice,
13 because Mr. Bush is no longer "in custody" on the convictions he seeks to challenge. (R&R (Dkt. No.
14 4).) Mr. Bush objects to dismissal and argues that his release in December 2006 was "unconstitutional"
15 (Pet. Obj. to R&R (Dkt. No. 5 at 2)) and, as a result, he should still be deemed "in custody" for purposes
16 of habeas jurisdiction. (*Id.*)

17 **II.    LEGAL STANDARD**

18     Federal subject matter jurisdiction over a habeas petition arising from a state court judgment is
19 limited to those persons "in custody" pursuant to that judgment. 28 U.S.C. § 2254(a); *Brock v. Weston*,
20 31 F.3d 887, 889 (9th Cir. 1994). The petitioner bears the burden of establishing subject matter
21 jurisdiction and he must demonstrate that the condition complained of rises "to a significant restraint

---

[1] Mr. Bush's due process argument appears to be at least partly based on a misunderstanding of the meaning of the word "enjoin": "The commissioner falsely stated that my motion for an injunction was a 'motion to enjoin' (to say, that I agreed with the DOC's order of release rather than opposed it.)" (Habeas Pet. 3 (Dkt. No. 1).)
    A motion to enjoin *is* a motion for an injunction. *See* BLACK'S LAW DICTIONARY 570 (8th ed. 2004) (defining "enjoin" as "To legally prohibit or restrain by injunction").

ORDER – 2

upon his liberty 'not shared by the public generally.'" *Dow v. Circuit Court of the First Circuit*, 995 F.2d 922, 923 (9th Cir. 1993) (quoting *Jones v. Cunningham*, 371 U.S. 236, 240 (1963)).

A petitioner need not necessarily be "*physically* confined in order to challenge his sentence on habeas corpus." *Maleng v. Cook*, 490 U.S. 488, 491 (1989) (emphasis added). For example, an individual still subject to conditions of parole remains "in custody" for habeas jurisdiction purposes. *Jones*, 371 U.S. at 242. However, once an individual's sentence has "completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492. An individual still subject to parole is still "'in custody' under his unexpired sentence . . . [because] release from physical confinement *under the sentence in question* [is] not unconditional; instead, it [is] *explicitly conditioned* on . . . reporting regularly to [a] parole officer, remaining in a particular community, residence, and job, and refraining from certain activities." *Id.* at 491 (citing *Jones*, 371 U.S. at 242) (emphasis added).

Thus, whether a petitioner is "in custody" turns on whether the restraint which he complains of significantly confines and restrains his freedom, such that he may again be subject to physical confinement on the conviction in question. Parole, probation, and release on bail or personal recognizance have been found to constitute significant restraints, while consequences of an expired conviction, such as fines, license revocation, the inability to vote, engage in certain businesses, hold public office, or serve as a juror, have all been held collateral consequences that do not constitute "custody." *See Maleng*, 490 U.S. at 491–92; *Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir. 1998). The Ninth Circuit has noted that even when collateral consequences "may significantly harm habeas petitioners . . . that harm is not the relevant inquiry under the 'in custody' requirement." *Feldman v. Perrill*, 902 F.2d 1445, 1448 (9th Cir. 1990) (citing *Maleng*, 490 U.S. at 491).

\\

\\

ORDER – 3

### III. ANALYSIS

Mr. Bush fails to demonstrate that he is in custody within the meaning of the habeas statutes. His first argument, that he remains "in custody" because, he claims, his release "violate[s] the United States Constitution's procedural due process clause," misses the point. (Pet. Obj. to R&R 2 (Dkt. No. 5).) Even if Mr. Bush's release was "unconstitutional," issued "'[o]utside the scope of the State Legislature's intent' for [Washington Revised Code section 9.94A's] use," and "[d]uring the pendency of a decision in a personal restraint proceeding" (*id.*), such a finding would have no bearing on whether the Court may properly exercise subject-matter jurisdiction over Mr. Bush's petition. To obtain habeas relief Mr. Bush must demonstrate that he is "in custody;" the Court is aware of no exception to this requirement for a petitioner who would have been in custody *but for* some illegal state action.

Mr. Bush's argument that "federal court jurisdiction attached" to his case on June 6, 2007, also fails. (Pet. Obj. to R&R 3 (Dkt. No. 5).) The relevant date for the custody inquiry is the date the petition was actually filed. *See, e.g.*, *Maleng*, 490 U.S. at 490–91. Petitioner cites *Preiser v. Rodriguez*, 411 U.S. 475 (1973) and *Carafas v. LaVallee*, 391 U.S. 234 (1968), but the petitioners in both those actions filed habeas petitions while they were physically still in custody pursuant to the convictions they sought to challenge. *See Preiser*, 411 U.S. at 478; *Carafas*, 391 U.S. at 238–39. In contrast, Mr. Bush filed his habeas petition well *after* his release. Moreover, even if June 6, 2007 were the operative date for the custody inquiry, Mr. Bush fails to show that he was in custody even then.

Finally, Mr. Bush cites to *Hensley v. Mun. Court*, 411 U.S. 345, 351–53 (1973), in arguing that he was released "on [his] own recognizance after conviction" and, under that case, should be deemed "in custody" for habeas purposes. (Pet. Obj. to R&R 2 (Dkt. No. 5).) First, Mr. Bush offers no evidence that he was, in fact, released "on his own recognizance." Second, Mr. Bush reads *Hensley* too narrowly. There, the petitioner was released pursuant to the trial court's order staying execution of his sentence while he pursued his appeals. *Hensley*, 411 U.S. at 347. Thus, his freedom was conditional and could have been revoked if he failed to comply with applicable restrictions. *Id*. at 348. By contrast, Mr. Bush

ORDER – 4

filed his writ after his sentence expired. He now resides freely in Louisiana, and is not currently subject to supervision by the DOC or any other conditions the violation of which could land him back in custody on the same conviction. Although Mr. Bush still owes fines to King and Walla Walla Counties (Dkt. No. 1-2 at 17), fines resulting from a criminal conviction are properly viewed as collateral consequences, not amounting to "custody" for the purposes of habeas jurisdiction. *See Moore v. Nelson*, 270 F.3d 789, 791 (9th Cir. 2001).

The R&R properly rejected Mr. Bush's argument that he is still "in custody" because, as a result of his convictions, he has had difficulty obtaining employment and a place to live. (R&R (Dkt. No. 4).)

## IV. CONCLUSION

At the time of filing his petition, Petitioner was no longer "in custody" as required under 28 U.S.C. § 2254(a). Accordingly, the Court ADOPTS the Magistrate's R&R and DISMISSES Petitioner's petition without prejudice, for lack of subject-matter jurisdiction.

SO ORDERED this 7th day of February, 2008.

John C. Coughenour
United States District Judge

ORDER – 5